EMILIA H. de CONILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent GUIDO CONILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
De Conill v. Commissioner
Docket Nos. 2369-74, 7819-74.
United States Tax Court
T.C. Memo 1975-98; 1975 Tax Ct. Memo LEXIS 273; 34 T.C.M. (CCH) 485; T.C.M. (RIA) 750098; April 9, 1975, Filed Manuel Zaiac, for the petitioners. Paul R. Stanton, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in income tax against petitioners as follows: Year
Emilia H. de Conill
Guido Conill
1966
$ 473.10
$ 1,955.70
1967
835.17
2,180.37
1968
650.22
2,668.58
1969
558.33
3,621.96
1970
1,602.13
2,022.65
1971
618.14
1,288.78
1972
2,194.75
3,535.21
Petitioners are mother and son, respectively, each residing in Florida when the petitions herein were filed. They filed their separate income tax returns for the years in question with the Southeast Service Center at Chamblee, Georgia. The parties have *274 filed a stipulation covering all of the basic facts except one, and it is upon that fact that the outcome of these cases turns. Both petitioners came to the United States and became resident aliens in this country for income tax purposes in the fall of 1960, Emilia on September 26, and Guido on October 8. Prior thereto each was a citizen and resident of Cuba. The parties have stipulated that Emilia incurred Cuban expropriation losses in 1960 in the amount of $ 128,290.89, deductible under section 165(c) (1), I.R.C. 1954, in respect of which there was an unused net operating loss carryover of $ 109,034.30 as of January 1, 1966. They have similarly stipulated that Guido incurred like losses in 1960 in the amount of $ 128,290.89, in respect of which there was an unused net operating loss carryover of $ 116,690.93 as of January 1, 1966. The sole matter in controversy relates to petitioners' right to the carryovers for the years 1966-1972, inclusive, and the only issue in respect thereof is whether, on or before December 31, 1965, each of them in fact filed the election required by section 172(b)(3)(c)(iii). The trial was concerned exclusively with this factual question. We heard *275 testimony presented by some four witnesses who swore that they met in the office of petitioners' lawyer late in November or early in December of 1965, that Guido filled out two election forms (prepared by the lawyer), one for himself and one for his mother, that each signed his or her respective form, that both forms were placed in a single stamped envelope addressed to the district director at Jacksonville, that the envelope was sealed, and that upon leaving the lawyer's office the envelope was deposited in a mail box outside the building in which the office was located. The Government presented evidence as to the manner in which such elections were processed in the office of the district director at Jacksonville, and that a search of the files at the Jacksonville office of the district director failed to reveal that any such election had been received by that office. As indicated above, the matter is purely one of fact, and upon the basis of the evidence before us, taking into account our evaluation of the credibility of the witnesses and the strength of their testimony, we have concluded (although without strong conviction) that petitioners in fact timely made the elections required *276 by section 172(b)(3)(C)(iii). We so find as a fact. Decisions will be entered for the petitioners.